**SO ORDERED.**

**SIGNED this 4th day of May, 2021.**




Dale L. Somers
United States Chief Bankruptcy Judge

---

**Designated for online use but not print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In Re:**<br><br>**Brandi Leanne Beach,**<br><br>**Debtor.** | **Case No. 19-41514**<br>**Chapter 7** |
| **Megaforce, L.L.C.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Brandi Leanne Beach,**<br><br>**Defendant.** | **Adv. No. 20-07009** |

## Amended[1] Memorandum Opinion and Order on Burden of Proof

[1]This amended order corrects the party designation in the last sentence of paragraph one.

Plaintiff objects to discharge of its claim against Debtor under § 523(a)(2),[2] false pretenses, false representation, or actual fraud, and § 523(a)(6), willful and malicious injury. Prior to trial the parties seek a ruling on the applicable burden of proof.[3] Defendant contends that with respect to the objection to discharge based upon fraud the Plaintiff has the burden to prove its allegations by clear and convincing evidence. Plaintiff contends that the standard is preponderance of the evidence.

Determination of the applicable burden of proof is dependent upon the precise issues being litigated. Although Plaintiff"s complaint could be construed to be requesting a judgment for the amount of its claim, in addition to whether such claim is excepted from discharge, the Court concludes from review of the record that this proceeding does not include litigation of Debtor's liability on Megaforce's claim. Prepetition Plaintiff and Defendant engaged in various business transactions. Debtor's schedules include a business debt to Megaforce in the amount of $263,014.53, stating the claim is contingent, unliquidated, and disputed.[4] Megaforce filed a proof of claim for

---

[2] 11 U.S.C. § 523(a)(2). Future references in the text to section of Title 11 shall be to the section number only.

[3] Plaintiff Megaforce, L.L.C. appears by Stephan L. Skepnek. Defendant Brandi Beach appears by Todd A. Luckman.

[4] Doc. 1, 26.

$256,784.14.[5] Attached to the proof of claim is a copy of a settlement agreement, signed by Defendant, as guarantor. It provides for periodic payments and shows $256,784.14 as the remaining balance after payment period 13. Defendant has not objected to the proof of claim. When opposing Megaforce's motion for relief from stay to continue state court litigation against Debtor and related business entities, Defendant stated, "Debtor does not dispute that an amount is owed by the now defunct corporate entities and her by way of a guarantee." [6] The pretrial order states the relief sought by Megaforce is “[j]udgment in its favor. . . and declare debt in the amount of $256,784.14 non-dischargeable.” under §§ 523(a)(2(A) and (a)(6).[7] Debtor’s defenses do not include a contention that the claim is not owed or a challenge to the amount.[8] The question of the applicable burden of proof therefore exists only with respect to dischargeability.

The United States Supreme Court in *Grogan v. Garner*[9] held that the standard of proof in dischargeability litigation under §523(a) is preponderance of the evidence. That standard applies in this proceeding.

---

[5] Claim 6-1.

[6] Doc. 26, 1.

[7]Doc. 68, 7.

[8] *Id.*, 5-7.

[9] 498 U.S. 279 (1991).

When arguing to the contrary, Defendant conflates a finding of liability on a claim, such as fraud, which is often determined by state law under the clear and convincing evidence standard, and the dischargeability of a claim for money that was *obtained* by fraud, which is determined by the federal bankruptcy law preponderance of the evidence standard. In contrast to this case, in some adversary proceedings, two distinct issues may be involved: (1) allowance of a claim for personal liability under § 502; and (2) dischargeability of that claim under § 523(a). In that circumstance, as to the first issue the burden of proof is usually determined by state law, such as clear and convincing evidence on a fraud claim under Kansas law. The burden of proof on the second issue, would be preponderance of the evidence in accord with *Grogan v Garner.* In this case, only dischargeability is being litigated. The application of the preponderance of the evidence standard does not deprive Debtor of any state law rights.

In *Grogan v. Garner*, the amount of the claim was determined by a prepetition judgment, and the issue was dischargeability of that judgment. In this case, there is no dispute as to the contractual basis of the claim and its amount; the issue is dischargeability of that claim. Section 523(a)(2) does not except from discharge only liability for fraud judgments; it excepts from discharge claims for money to the extent *obtained* by fraud. Application of the

federal burden of proof for dischargeablity does not deprive a debtor of the higher standard of proof on the issue of liability.

For the foregoing reasons, the Court holds that when litigating its dischargeability complaint against Debtor, Megaforce has the burden to prove the elements of its claims by a preponderance of the evidence.

It is so ordered.

###